Ruffin, C. J.
 

 The case of
 
 Fagan
 
 v.
 
 Jacocks,
 
 4 Dev. 363, and the recent one of
 
 Hall
 
 v.
 
 Robinson,
 
 8 Ired. 56, establish, that there is no difference between the law and equity applicable to the rights and liabilities of co-sureties, as they are involved in this suit. The jurisdiction is made coneurent for the sake of the remedy merely, and not to change the rules which fix the rights of the parties From the nature of things, where two Courts are required to take cognizance of the same subject,both Courts, in deter
 
 mining
 
 the right, must proceed on the same prinei-pies of law and justice : otherwise, although the jurisdiction be the same, the decisions will be in conflict. However perplexing, therefore, some of the questions, that may arise between sureties, may be to a Court of law, they must, in general, be entertained and decided as well as we can. As far, then, as the reason goes, on which the evidence was ruled out, the Court does not concur in the decision.
 

 Nevertheless the Court is of opinion, that the judgment ought not to b© reversed because the evidence, if received, could not establish the defence, but admitting it all to be true, the plaintiff would be entitled to recover without any deduction, either at law or in equity.
 

 
 *289
 
 The argument for the defendant is based on the equitable principles, that sureties are upon an equality, and hence that an indemnity, not stipulated for when the risk began, obtained by one surety, enures to the benefit of another. The soundness of those principles cannot be contested ;) and by the statute they are incorporated into the law. But the difficulty is to apply them to this case, so that the defendant can derive any benefit from them. It is to be noted, that the plaintiff has not misapplied a common fund to his own benefit, nor even given up the debtor’s property, which had been effectually conveyed. The plaint'ff, then says in answer to the defendant’s claim, that he is willing to divide the deed of trust with him ; nay, that he is welcome to the whole deed, to make the most of it. But that does not satisfy the defendant. He does not want the deed, which was all the plaintiff’ got, but he wants something moro ; which is, that the plaintiff should account with him for what the plaintiff might have made by the deed, if he had been as diligent as he might have been, or even as most men are, in guarding' against loss. That is altogether a different principle from those before spoken of, and is new to us. We do not see how one surety can resist making contribution, by shewing that the other had it in his power to secure both, and did not. No such doctrine is found to have been laid down, and it does not appear to rest upon any reasons of justice or benevolence. The obligation of one surety, to divide with another what he gets from the principal, arises out of their connexion in a common risk. It is said, and every one feels, that all, standing in that relation, ought to matte common cause, and that one cannot with a good conscience selfishly provide for himself and leave others to lose. It is his dutj'' to remember his fellow sufferer with himself. Hence, when he can get a counter-security, he ought to take it to both ; and, if he take it to himself only, the other has a right to claim it, and equity treats it, as if it were made to both, or
 
 *290
 
 got by a common agent for the benefit of both.. But one surety cannot ask another to do more for him than he does for himself. It is a plain violation of the benevolence, that ought to subsist between sureties, for one of them to insist, that he should be relieved from loss, and the whole thrown on another, because the latter did not, when he might, get a security, or an effectual security. In claiming the benefit of the deed the defendant treats the plaintiff as his agent in getting a good security. How, then, can he disavow the agency, when the security turns out not to be effectual. He claims that the deed, though not so expressed, enured to his benefit, on the principle of equality ; and yet, at the same time, he would break in on that equality by deducting the value of the negroes from the debt, so as to give him a benefit, while the plaintiff gets none. There seems to be nothing to uphold such a doctrinc.'t'The true principle is, that sureties are to fare alike. If one gets a security, it is a security for all. But they must take it in the state, in which they find it. If good for one, it is good for all. What right has the defendant to complain of the
 
 laches
 
 of the plaintiff"? They were no greater than his own. The one made no attempt to get a security; and the other made a partial attempt but did not carry
 
 it through.
 
 It is said, however, that the conduct of the plaintiff may have been to the prejudice of the defendant, as it may have prevented the principal, upon the defendant’s application from giving him a security, inasmuch as they had already executed that to the plaintiff, which secured both. That is answered, first, by the fact, that there is no evidence of such an application by the defendant; and, next, that, if there had been such a transaction, that by itself would not help the defendant’s case. For upon hearing of the deed to the plaintiff — it being in law for their joint benefit, it would have been as much his duty, as that of the plaintiff, to advise and see to its completion by registration. If he had applied to the plaintiff to
 
 *291
 
 register the deed or let him. have it done, and the plaintiff had refused, the defendant might have more cause to complain, not indeed, of a violation of a duty of benevolence on the part of a co-surety merely, but because of the positive wrong of preventing the defendant from perfecting a conveyance, in which he had equitably as much interest as the plaintiff and as much right to control. There seems to be a plain distinction, between wantonly frustrating the wish and effort of the defendant to make their common security effectual, and a mere passive omission to do so on the part of the plaintiff.
 

 Then, it is said the plaintiff was guilty of a fraud in agreeing not
 
 to
 
 make the deed public by registration. But that is a fraud on the principal’s creditors, who claimed against the deed ; and not on the defendant, whose claim is under the deed.
 

 Finally, the Court holds, that, as a co-surety, the plaintiff was only bound to act for the defendant, as he did for himself; and that, as the plaintiff derived no benefit from the deed, the defendant cannot; and therefore that the plaintiff was entitled to recover an aliquot part of what he paid, without any deduction on account of the slaves conveyed, or, rather, intended to be conveyed by the deed.
 

 Per Curiam, Judgment affirmed.